In the Matter of the Claim of MARGARET O'BRIEN, on Behalf of Herself and Infant Daughter, Respondent, against ADOLPH RONNEBERG et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and his insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits in a heart case, appellants contesting the finding of accident. In the course of his employment as an electrician, decedent was required to climb a ladder to a porch roof and, while standing on that roof, to install exterior outlets and tubing near the house roof. He also painted the tubing, this work requiring that he raise his arm over his head. He then worked within the house, using a saw and other tools to cut an opening of some kind. While resting during and after the noon hour, he collapsed and died. The board found that his death from coronary

insufficiency, due to advanced occlusive coronary atherosclerosis with myocardial fibrosis, was the "result of the unusual extra effort of the strenuous work he performed * * * superimposed on an already bad heart". Appellant's medical expert denied that death was causally related to the work effort. The assistant medical examiner who had performed an autopsy was called but was not asked as to causation. The only other medical testimony upon this issue was that of claimant's cardiologist who related decedent's death to the exertion of his work. Read and considered in entirety, however, the doctor's testimony did not warrant the board's finding of accident. Two days before his death, decedent was acutely ill with angina attacks lasting at least five minutes and accompanied by severe headaches, shortness of breath and perspiration. He went to a Veterans' Administration Hospital and was told by the physician who examined him that he would have to have complete bed rest or he would not live long. Nevertheless, decedent returned to work after one intervening day. Claimant's cardiologist said that when decedent went to the Veterans' Administration Hospital "he was on the verge of death"; that if he had remained in bed "he possibly could have survived", that "any work could have precipitated the final phase"; that "merely doing the normal things was too much for his heart"; that there was "no new pathology * * * no evidence of an acute coronary occlusion"; and that decedent "was walking around with congestive heart failure and [sic] wouldn't take very much to tip the scale." Thus the only medical testimony for claimant brings the case clearly within the pattern of *Matter of Burris* v. *Lewis* (2 N Y 2d 323) and requires that the claim be dismissed. As in *Burris* (p. 326), the purport of the testimony was "that any exertion would have been an overexertion for this unfortunate man, and that in expressing the opinion that the type of work he was doing precipitated his death, the doctor merely meant that he was engaged in some type of activity, and that any kind of activity was sufficient to that end." Decision and award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.